JOHN W. HUDSON v. D. A. WATSON.

Where a vendor executes a bond to make title to land upon the payment of the purchase-money by the vendee, it is necessary, in such cases, that the vendee should make demand of the deed from the vendor, who is entitled to a reasonable time thereafter to have the deed executed; after which time, the vendee should make a second demand, and in default thereof, the right of action to the vendee becomes complete. *Johnston* v. *Beard*, 7 S. & M. 217; *Standifer* v. *Davis*, 13 Ib. 48, cited and confirmed.

The vendor is entitled to a reasonable time to have the deed perfected; and what is reasonable time, must be determined from all the circumstances connected with the transaction.

IN error from the circuit court of Lafayette county; Hon. Hugh R. Miller, judge.

This was an action brought at law by the plaintiff in error against the defendant, on a bond executed by the latter in a penalty of $440, by which it appears, that the defendant had sold to the plaintiff a tract of land, in payment for the balance of the purchase-money, of which the plaintiff had executed to defendant his note for $87.50, to be paid 25th December, 1850, the tenor of the bond being, that the defendant, upon the payment of said note, should make the plaintiff " a general warranty deed" for the land. The declaration avers the payment of the note by plaintiff, a demand of the deed, and the failure to execute it by the defendant. The defence set up was, that the defendant was sick from about the 7th April, 1851, until about the 26th April, on which day he executed and acknowledged a deed, according to the bond, and tenders it to the plaintiff, in performance thereof.

It appears by the evidence, that Hudson paid Watson the

Hudson *v.* Watson.

balance of the purchase-money on the 7th April, 1851, and that Watson offered to execute the deed at that time; that Hudson said any other time would do as well, and Watson said that he would be at the next justices' court on the 19th April, and would have it executed. The deed was prepared and signed on the same day, the 7th April, but was not acknowledged; that Watson had a very severe spell of sickness about the early or middle part of April, 1851; that he and his wife went to the house of the justice of the peace, a distance of five miles from their residence, on the 26th April, 1851, and acknowledged the deed; that Watson then looked very badly, and was taken so sick immediately after he had acknowledged the deed, that he was compelled to go to bed. It was further proved, that on the 19th April, the plaintiff went to defendant's house, and found him at his gin house, looking very badly, as if just recovering from severe sickness, and witness said he ought to be in his bed. Plaintiff said to defendant that he had come for his deed, and defendant replied that he could not make him a good deed then, and said something not recollected by witness, about some papers in the possession of Lambert and Miller. It was also proved, that the defendant had a regular title to the land at the time.

This action was brought on the 28th April, 1851.

The charges of the court submit fully to the jury, that, if Hudson demanded a deed when he paid the purchase-money, and Watson agreed to execute it on the 19th April, and that Hudson again demanded it on that day, and Watson failed to execute it, the plaintiff's right of action was thereby complete. But that Watson was entitled to a reasonable time, after demand, to execute the deed, which was to be judged of by the jury, under all the circumstances of the case, and the situation of the defendant from sickness.

The verdict and judgment were for the defendant, and the plaintiff thereupon has taken this writ of error.

*J. F. Cushman* for appellant.

It is contended, that the notice served on Hudson on the 19th of August, to take the deposition of Simmons, a witness about

to depart from the State on next day, the 20th, was not such reasonable notice as required by the statute in such cases.

A second demand was made of Watson for the deed to the land, for the notice given him by Hudson upon the payment of the last instalment of the purchase-money, that he (Hudson) should want a deed to the land, was equivalent, to a demand made. It was Watson's duty to have immediately prepared a deed, and had it ready when called on for it.

A tender of a deed, after the commencement of the action on the bond, being made subsequent to the breach of the condition of the bond, and resort having been had to legal means of indemnity, cannot defeat a recovery in the action instituted. *Russell* v. *Copeland*, 30 Maine, 332.

Upon the payment of the purchase-money for the land, the covenant in the bond was broken so soon as the vendor failed to execute a deed, and having forced Hudson to sue, he is entitled to recover, at least, nominal damages. *Aikin* v. *Sandford*, 5 Mass. 494.

Where a party binds himself to make a " general warranted " title or deed to land, with the usual covenants, he is obliged to execute a deed which conveys a good and sufficient title. *Stow* v. *Stephens*, 7 Verm. 27. Besides, the wife of the vendor, nor the wives or those from whom he received title, have not relinquished their dower in the land, in the mode required by this court, and the relinquishments are void. *Warren* v. *Brown*, 3 Cushm.

*H. A. Burr*, for appellee,

In reply, contended that the instructions asked by both parties to the jury, showed that Hudson had made no right of action until he made a second demand for title, and waited a reasonable time for its perfection. That point has been heretofore settled by this court. *Johnston* v. *Beard*, 7 S. & M. 217; 13 Ib. 48.

Watson's sickness, which was a good excuse, prevented him from making and acknowledging a deed soon, and he did do so within a reasonable time. He was not bound to go and make a tender of the deed to Hudson, who never made a sec-

ond demand, as required by law. Watson was not required to execute a deed within any specified time.

Mr. Justice HANDY delivered the opinion of the court.

The first ground of error complained of in the court below and urged here, is, that the deposition of the witness Simmons was improperly admitted in evidence, because the notice of taking it was insufficient. It was the deposition of a witness about to depart from the State, and was taken *de bene esse*. The notice appears to have been served on the adverse party about 8 o'clock on the morning of the 19th August, he residing about two and a half miles from the place appointed for taking it. He was informed that he could have until 3 or 4 o'clock, P. M., of the 20th, the day appointed to take the deposition. In such cases, the law requires only reasonable notice to be given; and of this the circuit court was most competent to judge, from its knowledge of the situation of the parties. For all that appears in the record, the notice was reasonable; and we are not disposed to say that the circuit judge erred in so holding.

Secondly; it is insisted that the plaintiff was entitled to recover upon the evidence.

In this case, no particular time was specified for the execution of the conveyance after the payment of the money; and it has been held by this court to be necessary in such cases, that the vendee should make demand of the deed from the vendor, who is entitled to a reasonable time thereafter to have the deed executed; after which the vendee should make a second demand, and in default thereof, the right of action to the vendee becomes complete. *Johnston* v. *Beard*, 7 S. & M. 217; *Standifer* v. *Davis*, 13 Ib. 48. The correctness of this rule seems to have been recognized by both parties in this case, and the controversy seems to be whether what passed between the parties on the 7th April amounts to a demand of a deed on the part of Hudson; for, if it had that effect, the subsequent demand on the 19th April would place the vendor in default.

It appears from the evidence, that the plaintiff was not

solicitous about the deed, and the proposition for making it came from the defendant. When the defendant offered, on the 7th April, to go and prepare the deed at that time, the plaintiff replied that he then had not time, and that it could be done at some other time. The defendant then said that he would have the deed written, and would attend on the next justices' court day, on the 19th April, and have it duly acknowledged; to which the plaintiff assented, and said he would attend on that occasion.

In all this, the plaintiff seemed to be indifferent about the deed; and, instead of demanding it, he seems to have declined the defendant's willingness to complete it. The object of the demand, so as to charge the vendor for default, is to put him to diligence in having the deed completed. When the demand is made, the vendor is bound to act with promptitude, because of the presumption that the vendee's interest requires it. But where there is no demand, and still more, where performance is proffered and declined, the vendor is justified in acting on the belief that rigid performance is not required of him. The conduct of the vendee on this occasion is altogether inconsistent with the idea that he made a demand, or intended to put the vendor to diligence in complying with his gratuitous offer.

But if it could be regarded as a demand, Watson was yet entitled to reasonable time to have the deed perfected. What is a reasonable time, must be determined from all the circumstances connected with the transaction. Chitty, Con. 730; 3 Sumner, 530; 3 Mees. & Welb. 445.

The evidence shows that the vendor was unable, by reason of sickness, to attend at the justices' court and complete the deed, as he had voluntarily offered to do; that it was necessary for him to ride several miles in order to attend to the business, and although unable to comply with his promise to attend to it at the justices' court on the 19th April, yet that he was diligent to perform his contract at as early a day as his health would permit, and did complete the deed on the 26th April, at the hazard of his health. It is manifest, from this state of facts, that the failure to execute the deed may be justly attributed to

the sickness of Watson. At all events, the question as to whether he executed the deed within a reasonable time, under all the circumstances of the case—the indifference of Hudson, the ill health of Watson, and the absence of proof of any particular damage to Hudson—was fully and properly submitted to the jury by the instructions, and their verdict was for the defendant; and we think, that, in any view in which the matter can be justly considered, the verdict should not be disturbed.

Another objection raised in this court, in behalf of the plaintiff in error, is, that the deed tendered does not show a discharge of the defendant's obligation, because the acknowledgment of the relinquishment of his wife's dower is not according to law. Without determining the propriety of this objection, had it been made at a proper time and in a proper case, it cannot avail the plaintiff in this case, because, 1st, the bond contains no obligation to convey the land with relinquishment of dower. It only binds the defendant to make to the plaintiff, " his heirs or assigns, a general warranty deed;" and that was sufficiently performed by the deed executed. 2d. The objection was not made in the court below, and cannot be entertained in this court.

The judgment is, therefore, affirmed.